UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| HAROLD W. RABER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 3:04-cv-0199-RLY-WGH |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE; ANN VENEMAN, | ) | |
| Secretary of the United States Department of | ) | |
| Agriculture; THE NATIONAL APPEALS | ) | |
| DIVISION OF THE UNITED STATES | ) | |
| DEPARTMENT OF AGRICULTURE; | ) | |
| ROGER KLURFELD, Director of the | ) | |
| National Appeals Division of the United | ) | |
| States Department of Agriculture; THE | ) | |
| OFFICE OF THE GENERAL COUNSEL | ) | |
| OF THE UNITED STATES | ) | |
| DEPARTMENT OF AGRICULTURE; | ) | |
| NANCY S. BRYSON, General Counsel of | ) | |
| the United States Department of Agriculture; | ) | |
| THE FARM SERVICE AGENCY OF THE | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE; and JAMES R. LITTLE, | ) | |
| Administrator of the Farm Service Agency | ) | |
| of the United States Department of | ) | |
| Agriculture, | ) | |
|     Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

On November 22, 2004, Harold W. Raber ("Raber") filed a Complaint alleging that he is entitled to attorney's fees and other expenses incurred in an adversary adjudication involving the United States Department of Agriculture ("USDA"). On

1

March 8, 2005, Raber filed his First Amended Complaint. On March 24, 2005, Defendants filed a Motion to Dismiss the First Amended Complaint. The court, based on the record as a whole, now **GRANTS** Defendants' Motion to Dismiss.

**I.    Background**

Raber owns farmland in Posey County, Indiana. In June 1998, the Farm Service Agency of the USDA determined that a portion of that farmland was a wetland area. Raber appealed this decision to the appellate body within the USDA, the National Appeals Division ("NAD"), and on October 2, 1998, the NAD reversed the Farm Service Agency's determination ("NAD's Decision 1"). The Farm Service Agency did not appeal NAD's Decision 1, and consequently, the decision that Raber's land was not a wetland became final.

On October 27, 1998, Raber filed an application for attorney fees and other expenses related to his appeal, pursuant to The Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504(a)(2). On November 24, 1998, the NAD denied the application ("NAD's Decision 2"). The denial letter from Norman G. Cooper ("Cooper") explained: "the EAJA is inapplicable to NAD proceedings, except as otherwise required by judicial decision. Accordingly, the NAD cannot consider your application." Raber did not appeal the NAD's Decision 2 until he filed a Complaint in this court on November 22, 2004.

**II.    Dismissal Standard**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), the court examines the sufficiency of the complaint, not the merits of the lawsuit. Fed. R. Civ. P. 12(b)(6); *United States v. Clark County, Ind.*, 113 F. Supp. 2d 1286, 1290 (S.D. Ind. 2000). The court will dismiss a complaint for failure to state a claim only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957)). In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff. *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). In sum, the court assumes that all alleged facts are true and determines whether the party seeking relief has pled all elements in the cause of action for which relief is being sought.

**III.    Discussion**

The critical question before the court is whether Raber's appeal was timely. 5 U.S.C. § 504 states in relevant part:

> (c)(2) If a party other than the United States is dissatisfied with a determination of fees and other expenses made under subsection (a), that party may, within 30 days after the determination is made, appeal the determination to the court of the United States having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication. . . .

5 U.S.C. § 504 (c)(2) (1996).

Raber asserts that the NAD's Decision 2 was not a "determination" because the NAD did not consider the fee application on its merits. Accordingly, Raber contends that

3

his appeal does not fail to meet the EAJA's requirement that fee determinations be appealed within 30 days. The court disagrees.

The Seventh Circuit has not addressed what qualifies as a "determination" under section 504(c)(2). However, in a case factually similar to the present case, the Federal Circuit Court held that a "determination" was made even though the decision-making body within an agency had not decided on the merits of the fee application. *J-I-J Constr. Co. v. United States*, 829 F.2d 26, 28 (Fed. Cir. 1987). In *J-I-J*, the Corps of Engineers Board of Contract Appeals ("Board") dismissed J-I-J's application for attorney's fees as untimely. *Id.* at 27. When J-I-J appealed the decision to the Federal Circuit 122 days after its issuance, the Court rejected J-I-J's argument that the Board never made a "determination" under section 504(c)(2). *Id.* at 28. The *J-I-J* Court reasoned that "the broad statutory language – 'a determination of fees and other expenses'– is very wide, easily blanketing the full field of agency fee decisions" and noted "unless there are specific exceptions, it is customary to establish one appeal limit for any decision of a lower tribunal on a particular matter – whatever its basis – which was unsatisfactory to the appealing party." *Id.*

The court finds the reasoning in *J-I-J* persuasive and concludes that the NAD's Decision 2 was a "determination" under section 504(c)(2). Section 504(c)(2) states that a "dissatisfied party" may appeal a fee determination. 5 U.S.C. § 504(c)(2). It is true that the NAD did not deny Raber's fee application on the merits, but the NAD denied the application nonetheless. Even Raber has implicitly acknowledged that the NAD's

decision was appealable; otherwise, he would not have filed the appeal now before the court. If Raber was sufficiently "dissatisfied" to appeal, that appeal should have been timely.

Given that the NAD's Decision 2 was a "determination," 30 days is the "outer limit" for appeals under section 504(c)(2). *Sonicraft, Inc. v. NLRB*, 814 F.2d 386 (7th Cir. 1987). The Seventh Circuit has strictly construed the 30-day requirement. *Id.* (holding that a petition filed 34 days after NLRB's denial of attorneys fees failed to meet the 30 day requirement). Furthermore, the 30-day "deadline for filing is jurisdictional," meaning that courts have no power to waive it. *Id.* at 386 (citing *Action on Smoking & Health v. Civil Aeronautics Board*, 724 F.2d. 211, 225 (D.C. Cir. 1984)); *see also Howitt v. United States Dep't of Commerce*, 987 F.2d 583 (1st Cir. 1990); *J-I-J Constr. Co.,* 829 F.2d at 29. In light of this jurisdictional requirement, Raber has not stated a claim upon which this court can provide relief.

### III.     Conclusion

The NAD's denial of Raber's fee application constituted a "determination" under section 504(c)(2) and thus, his appeal was subject to a 30-day limit. Since Raber's appeal was filed nearly six years after the "determination," it fails as untimely. The court therefore **GRANTS** Defendants' Motion to Dismiss.

SO **ORDERED** this   30th   day of June 2005.

 

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

James Edwin Gentry Jr.
BAMBERGER FOREMAN OSWALD & HAHN
jgentry@bamberger.com

Douglas A. Welp
BAMBERGER FOREMAN OSWALD & HAHN
dwelp@bamberger.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

Jill E. Zengler
UNITED STATES ATTORNEY'S OFFICE
jill.zengler@usdoj.gov